**Bi Xia JIANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, John Ashcroft, U.S. Attorney, Respondents.**

**No. 02–4329–AG.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2005.

the Eastern District of New York, sitting by    designation.

Vlad Kuzmin, New York, NY, for Petitioner.

Jonathan Potter, Office of Immigration, Litigation, Civil Division, United States Department of Justice (Susan W. Berry, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), Washington, D.C., for Respondent.

Present: WINTER, SOTOMAYOR, and B.D. PARKER, Circuit Judges.

Petitioner Bi Xia Jiang ("Jiang") petitions for review of a June 28, 2002 order of the BIA, dismissing without opinion her appeal of an Immigration Judge's ("IJ's") denial of her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We assume familiarity by the parties with the facts and procedural history of the case.

Jiang, a citizen of the People's Republic of China ("China"), entered the United States on February 3, 1998 without inspection and was subsequently placed in removal proceedings. At a hearing before an IJ on May 5, 1999, she renewed a previously filed application for asylum and withholding of removal and requested relief under the Convention Against Torture or, in the alternative, voluntary departure. She claimed that she suffered past persecution in China on account of her alleged violation of the country's family planning program and that she feared future persecution in the form of sterilization. In an oral decision rendered on August 5, 1999, the IJ denied all of Jiang's claims, finding her not to be a credible applicant on account of several inconsistencies in her testimony. On appeal, the BIA summarily affirmed the IJ's decision.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). In reviewing an IJ's denial of an asylum application, we defer to the IJ's factual findings if they are supported by "substantial evidence." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (quotation marks and citation omitted). "Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.* (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). This Court may reverse an IJ's determination that an applicant for asylum or withholding of removal has failed to satisfy the requisite burden of proof "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution neces-

sary to sustain the petitioner's burden." *Diallo*, 232 F.3d at 287.

We are unmoved by Jiang's arguments that the IJ's credibility determination lacked support in the record. The IJ found that Jiang's testimony that she did not attempt to conceal her third pregnancy because the authorities would mistakenly consider the pregnancy to be her second was undermined by evidence that Jiang had an official birth certificate for her second child. In her appeal to the BIA, Jiang offered no explanation for this inconsistency, which undermines the very basis of her claim. *See Zhang v. INS*, 386 F.3d 66, 75–78 (2d Cir.2004) (holding that IJ could have reasonably found that petitioner's inability to offer consistent testimony about events forming basis of asylum claim undermined credibility); *Diallo*, 232 F.3d at 288 (noting difference between errors that are "minor and isolated" and those that undermine foundation of asylum claim).

We also reject Jiang's challenge to the portion of the IJ's adverse credibility determination that rested on her contradictory testimony about her patterns of residence. A reasonable factfinder could conclude that Jiang's testimony that authorities severely damaged her house, rendering it uninhabitable, conflicted with documentary evidence she submitted showing that her household was registered at that address after the alleged damage, as well as her further testimony that relevant documentation was issued to her at this address.

Jiang further alleges that the IJ erred in declining to credit the abortion certificate she offered as evidence based only on the State's Department's opinion that such documents are often false. Whether or not the IJ would have been correct to discount the certificate based only on the State Department's assessment that such documents are often falsified, here substantial evidence supported the IJ's conclusion, because Jiang's self-contradictory testimony called the veracity of her supporting evidence into doubt.[1]

Finally, Jiang cannot prevail on her claim for relief under the CAT. A claim for relief under the CAT requires the applicant to establish objective evidence that he or she is likely to be tortured in the future. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir.2004). Once an applicant establishes that " 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal,' " *id.* at 184 (quoting 8 C.F.R. §§ 208.16(c)(2), 1208.16(c)(2)), the government cannot remove the applicant to that country. Jiang has not offered sufficient objective evidence to satisfy the CAT's standard that she will more likely than not be tortured upon her return to China.

For the foregoing reasons, the petition for review is DENIED.

---

1. Jiang also claims that the IJ erroneously based her decision in part on the finding that Jiang should have been able to provide more details about the abortion. Alleging that she was unconscious during the procedure and *ipso facto* could not have described it, Jiang challenges this purported finding by the IJ.

The IJ did not appear to base her decision primarily on Jiang's inability to describe the abortion procedure, however, but merely to acknowledge that Jiang's testimony, standing alone, could not conclusively establish that she had undergone an abortion.